**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| NADIA COELHO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HYUNDAI MOTOR AMERICA,<br><br>　　　　Defendant. | Case No. 22-cv-07670-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE**<br><br>[Re: ECF No. 6] |

This is a lemon law case involving an allegedly defective 2017 Hyundai Sonata that Plaintiff Nadia Coelho purchased in 2021. Coelho asserts claims under state and federal law against Defendant Hyundai Motor America ("HMA") for alleged breaches of express and implied warranties. HMA moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Coelho's claims and moves under Federal Rule of Civil Procedure 12(f) to strike Coelho's requests for rescission and attorney's fees in relation to her claim under the Magnuson-Moss Warranty Act. Mot., ECF No. 6; *see also* Reply, ECF No. 14. Coelho opposes HMA's motion. Opp'n, ECF No. 13.

This matter is suitable for determination without oral argument. *See* Civ. L.R. 7-1(b). For the following reasons, the motion to dismiss is GRANTED IN PART and DENIED IN PART. The motion to strike is DENIED.

**I.      BACKGROUND**

Plaintiff Nadia Coelho purchased a 2017 Hyundai Sonata on June 6, 2021. Compl. ¶ 5, ECF No. 1-1. Coelho alleges that she received written warranties and other express and implied warranties when she purchased the vehicle, including a warranty that the vehicle would be free from all defects in material and workmanship. *Id.* ¶ 7. She also alleges that she was provided

1  Hyundai's New Vehicle Limited Warranty, which includes basic warranty coverage with a term of
2  5 years or 60,000 miles and powertrain coverage with a term of 10 years or 100,000 miles. *Id.* ¶ 8.
3        On December 1, 2021, Coelho delivered the vehicle to a repair facility authorized by HMA
4  or one of its agents. *Id.* ¶¶ 4, 11. Coelho notified HMA or one of its agents that the vehicle was
5  facing complications related to several recalls, the illumination of the "HEV" warning light, the
6  "Check Engine" warning light, and battery failure. *Id.* Coelho alleges that HMA has not repaired
7  the vehicle. *Id.* ¶ 11.
8        Coelho brings claims against HMA for: (1) breach of express warranty under the Song-
9  Beverly Act; (2) breach of implied warranty of merchantability under the Song-Beverly Act; (2)
10  breach of express warranty under California Commercial Code Section 2313; and (4) violation of
11  the Magnuson-Moss Warranty Act.

## II. REQUEST FOR JUDICIAL NOTICE

HMA asks the Court to take judicial notice of three district court opinions: (1) *Fish v. Tesla*, 2022 WL 1552137 (C.D. Cal. May 12, 2022); (2) *Neyra v. Mercedes-Benz USA, LLC*, No. 2:22-cv-00950-JFW-JEM (C.D. Cal. May 24, 2022); and (3) *Edwards v. Mercedes-Benz USA, LLC*, No. 2:21-cv-02671-RSWL-JC (C.D. Cal. Oct. 5, 2022). *See* RJN, ECF No. 7. The opinions are attached to HMA's request for judicial notice as Exhibits A, B, and C, respectively. Coelho does not object to the request or question the authenticity of the opinions.

Documents in the public record and documents filed in other courts are proper subjects of judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, the Court takes judicial notice of the three district court opinions submitted with HMA's request for judicial notice. The Court does not, however, take judicial notice of any of the facts found in the opinions. HMA's request for judicial notice is GRANTED.

## III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted).  On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

**B.  Discussion**

**1.  Breach of Express Warranty Under the Song-Beverly Act (Claim 2)**

Coelho asserts a claim for breach of express warranty under the Song-Beverly Act ("SBA").  "The Song-Beverly Act is a remedial statute designed to protect consumers who have purchased products covered by an express warranty." *Rodriguez v. FCA US, LLC*, 77 Cal. App. 5th 209, 217 (2022) (quoting *Robertson v. Fleetwood Travel Trailers of California, Inc.*, 144 Cal.App.4th 785, 798 (2006)).  "To that end, it regulates warranty terms and imposes service and repair obligations on the parties who issue the warranties." *Id.* (citing *Joyce v. Ford Motor Co.*, 198 Cal. App. 4th 1478, 1486 (2011)).  A buyer "who is damaged by a failure to comply with any obligation under [the Act] . . . may bring an action for the recovery of damages and other legal and equitable relief."  Cal. Civ. Code § 1794(a).

Coelho seeks relief under the "refund or replace" provision of the SBA, California Civil Code section 1793.2(d)(2). *See* Compl. ¶¶ 29-30.  That provision states that "[i]f the manufacturer

3

or its representative in this state is unable to service or repair a new motor vehicle, as that term is defined in paragraph (2) of subdivision (e) of Section 1793.22, to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either promptly replace the new motor vehicle . . . or promptly make restitution to the buyer." Cal. Civ. Code § 1793.2(d)(2). The statute defines "new motor vehicle" in relevant part as "a new motor vehicle that is bought or used primarily for personal, family, or household purposes," and specifies that the definition includes "a dealer-owned vehicle and a 'demonstrator' or other motor vehicle sold with a manufacturer's new car warranty." Cal. Civ. Code § 1793.22(e)(2).

HMA argues that Coelho has failed to state a claim for breach of express warranty under the SBA because her vehicle is not a "new motor vehicle." *See* Mot. 9. HMA contends that Coelho cannot allege that her vehicle is a "new motor vehicle" under the SBA because she purchased it used and cannot allege that it came with a full new car warranty from HMA. *Id.* Coelho concedes that she bought her vehicle used but argues that the vehicle qualifies as a "new motor vehicle" because the dealer who sold it to her provided "written warranties including express warranties from [HMA]" and "gave [her] a copy of [HMA's] warranty." Opp'n 2-3.

Two key decisions from the California Court of Appeal bear on the Court's analysis. In the first, *Jensen v. BMW of North America, Inc.*, the plaintiff sued a car manufacturer after the manufacturer could not repair certain defects in the car she leased. 35 Cal. App. 4th 112, 119 (1995). When the plaintiff leased the car, the salesperson had "told [her] that the car had been used as a demonstrator for the dealership," "said she would get the 36,000-mile warranty on top of the miles already on the car," "gave her the warranty booklet," and "wrote 'factory demo' on the credit application." *Id.* at 119-20. Unknown to the plaintiff, however, the defendant had obtained the car in an out-of-state auto action, and the car had been previously owned by a different entity. *Id.* at 120. On appeal, the manufacturer challenged the trial court's pretrial ruling that the car was a "new motor vehicle" under the SBA. *Id.* at 122. Analyzing Section 1793.22(e)(2), the Court of Appeal concluded that "cars sold with a balance remaining on the manufacturer's new motor vehicle warranty are included within [the SBA's] definition of 'new motor vehicle'" and held that the plaintiff's car qualified as new motor vehicle. *Id.* at 121, 123, 126.

4

In *Rodriguez v. FCA US, LLC*, a different division of the California Court of Appeal revisited the definition of "new motor vehicle." 77 Cal. App. 5th at 225.[1] Contrary to the conclusion articulated in *Jensen*, the *Rodriguez* court held that definition does not include "previously sold cars accompanied by some balance of the original warranty." *Id.* The court distinguished *Jensen*, noting that "*Jensen* involved a lease *by a manufacturer-affiliated dealer* who issued a *full new car warranty* along with the lease." *Id.* at 223 (emphasis in original). The *Rodriguez* court also noted that other California Court of Appeal decisions had limited *Jensen* to its facts and expressed "reservations" about its seemingly broad holding. *Id.* at 224 (citing *Dagher v. Ford Motor Co.*, 238 Cal. App. 4th 905 (2015) and *Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal. App. 5th 334 (2019)).

With these decisions in mind, the Court finds that Coelho has not plausibly alleged that her vehicle is a "new motor vehicle" under the SBA. District courts interpreting *Rodriquez* and *Jensen* together have held that to state a claim for breach of express warranty under the SBA, a consumer who purchased a used car must allege that they were issued a full new car warranty by the manufacturer or its agent at the time of purchase. *See Pineda v. Nissan N. Am., Inc.*, No. CV 22-239-DMG (JCX), 2022 WL 2920416, at *3 (C.D. Cal. July 25, 2022); *cf. also Edwards v. Mercedes-Benz USA, LLC*, No. CV 21-2671-RSWL-JCX, 2022 WL 5176869, at *3 (C.D. Cal. Oct. 5, 2022) ("[W]hen a consumer purchases a used vehicle, they may only invoke the SBA's protections if the manufacturer or its agent furnished a new warranty at the time of the sale."). Here, Coelho asserts her claims against HMA and Does 1-20 (collectively "Defendants") and alleges that "Defendants provide all Hyundai customers, including [her], with a Hyundai Vehicle Limited Warranty with the purchase or lease of a Hyundai Vehicle." Compl. ¶¶ 3, 8. Coelho does not identify who issued the warranty, nor does she allege any facts to plausibly suggest that the person or entity was HMA or its agent. Notably, she identifies the seller as "the Capital Chevrolet

---

[1] The California Supreme Court granted review of *Rodriguez* in July 2022. 295 Cal. Rptr. 3d 351 (2022) (mem.). It declined to depublish the opinion and explained that the Court of Appeal's opinion could be cited "not only for its persuasive value, but also for the limited purpose of establishing the existence of a conflict in authority that would in turn allow trial courts to exercise discretion . . . to choose between sides of any such conflict." *Id.* (internal citation omitted).

5

1    dealership" in her Opposition, *see* Opp'n 3, but does not include this in her Complaint. And
2    although she alleges that "Defendants . . . were agents . . . of each of their Co-Defendants,"
3    Compl. ¶ 4, this allegation is a legal conclusion unsupported by facts, which the Court need not
4    accept as true, *see, e.g.*, *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). The
5    Court therefore finds that Coelho has not plausibly alleged that her vehicle is a "new motor
6    vehicle" under the SBA because she has not plausibly alleged that HMA or its agent provided her
7    a full new car warranty when she bought her used car.

        Coelho cites *Jensen* for the proposition that "there is no privity requirement when an express warranty is provided by a retail seller on a used car for liability to be imposed on a manufacturer." Opp'n 4 (citing *Jensen*, 35 Cal. App. 4th at 127). But in *Jensen*, the court held that the SBA imposed no separate requirement of privity between the consumer and manufacturer after determining that the subject vehicle qualified as a "new motor vehicle." *See* 35 Cal. App. 4th at 128. Here, Coelho's claim fails because she has not established that her car is a "new motor vehicle" under the SBA—not because she purchased a "new motor vehicle" but was not otherwise in privity with HMA.

        Because Coelho has not plausibly alleged that her vehicle is a "new motor vehicle" under the SBA, the Court finds that she has failed to state a claim for breach of express warranty under the SBA. Accordingly, HMA's motion to dismiss this claim is GRANTED WITH LEAVE TO AMEND.

        Coelho has stated in her briefing that the entity who sold her the vehicle was "the Capital Chevrolet dealership." Opp'n 3. To the extent this is true, Coelho must allege facts in her amended complaint to meet the requirements set forth in *Rodriguez*.

### 2. Breach of Implied Warranty of Merchantability Under the Song Beverly Act (Claim 1)

Coelho asserts a claim for breach of implied warranty of merchantability under the SBA. HMA moves to dismiss this claim on the ground such claims cannot be asserted against a manufacturer who did not participate in the sale of a used car. Mot. 11-12. Coelho responds that HMA is "attempts to impermissibly disclaim the implied warranty that it provided with the

6

express warranty as part of the sale of the vehicle." Opp'n 5.

Under the SBA, "every sale of consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and the retail seller's implied warranty that the goods are merchantable." Cal. Civ. Code § 1792. "'Consumer goods' means any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes." Cal. Civ. Code § 1791(a). Section 1795.5 extends the SBA to "used consumer goods." It provides that "[i]t shall be the obligation of the distributor or retail seller making express warranties with respect to used consumer goods (and not the original manufacturer, distributor, or retail seller making express warranties with respect to such goods when new) to maintain sufficient service and repair facilities within this state to carry out the terms of such express warranties." Cal. Civ. Code § 1795.5(a). If further provides that "[t]he duration of the implied warranty of merchantability . . . with respect to used consumer goods sold in this state, where the sale is accompanied by an express warranty, shall be coextensive in duration with an express warranty which accompanies the consumer goods." Cal. Civ. Code § 1795.5(c).

The Court finds that Coelho has not plausibly alleged a breach of implied warranty claim under the SBA against HMA. As noted above, Coelho concedes that her car was used when she purchased it. Opp'n 2-3. "[O]nly distributors or sellers of *used* goods—not manufacturers of *new* goods—have implied warranty obligations in the sale of *used goods*." *E.g.*, *Nunez v. FCA US LLC*, 61 Cal. App. 5th 385, 399 (2021) (emphasis in original) (citing Cal. Civ. Code § 1795.5). "Of course, . . . 'the assumption baked into section 1795.5 is that the manufacturer and the distributor/retailer are distinct entities. Where the manufacturer sells directly to the public, however, it takes on the role of a retailer.'" *Id.* (quoting *Kiluk v. Mercedes-Benz USA, LLC* 43 Cal. App. 5th 334, 339 (2019)). Here, the Complaint alleges no facts to suggest that HMA was involved in the sale of the vehicle to Coelho or otherwise took on the role of the retailer. Absent such allegations, Coelho has failed to state a claim for breach of implied warranty under the SBA against HMA. *See, e.g.*, *Neyra v. Mercedes-Benz USA, LLC*, No. CV 22-950-JFW (JEMX), 2022 WL 19432589, at *3 (C.D. Cal. May 24, 2022) ("Plaintiffs do not allege they purchased the car from Defendant, the manufacturer, and accordingly, Defendant cannot be liable for any breach of

implied warranty claim under the Song-Beverly Act."). Although it is unclear whether Plaintiff can allege sufficient facts to support this claim, the Court will allow her the opportunity to do so.

HMA's motion to dismiss Coelho's claim for breach of implied warranty under the Song-Beverly Act is GRANTED WITH LEAVE TO AMEND.

### 3. Breach of Express Warranty Under the California Commercial Code (Claim 3)

Coelho asserts a claim for breach of express warranty under Section 2313 of the California Commercial Code. *See* Compl. ¶¶ 36-43. HMA moves to dismiss this claim solely on the ground that Coelho does not allege that she was "in requisite privity with HMA." Mot. 13. Coelho responds that "plaintiffs are not barred from suing a manufacturer for breach of an express warranty to repair defects under the California Uniform Commercial Code." Opp'n 6.

HMA cites no cases addressing "the requisite privity" to state a claim for breach of express warranty under California Commercial Code. This Court has, however, had occasion to consider the requirements for pleading breach of express warranty under California law. *See Rojas v. Bosch Solar Energy Corp.*, 386 F. Supp. 3d 1116 (N.D. Cal. 2019) (citing *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888 (N.D. Cal. 2018)). As this Court explained in *Rojas*, "older California decisions had required either privity or reliance to assert a claim for breach of express warranty," but "'California has shifted its view' such that it is possible to state a claim for breach of express warranty absent privity or actual reliance on the warranty." *Id.*

Here, HMA has offered no analysis or case law that would persuade this Court to revisit its view of California law. Nor does HMA argue any basis for dismissal other than that "Plaintiff does not allege that HMA was the retail seller or that Plaintiff was otherwise in requisite privity with HMA to sustain a claim under Comm. Code 2313." Because such allegations of privity are not required to state a claim for breach of express warranty under California's Commercial Code, Coelho's motion to dismiss this claim is DENIED.

### 4. Magnusson-Moss Warranty Act (Claim 4)

Coelho asserts a claim for violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310. HMA argues in its motion that Coelho's MMWA claim is subject to dismissal

8

1   because the underlying state law claims are subject to dismissal.  Mot. 13.  HMA also argues that
2   the claim must be dismissed because Coelho "failed to allege facts to establish whether HMA
3   maintains a qualified informal dispute resolution process, and, if so, whether Plaintiff has availed
4   h[er]self to that process."  Mot. 13-14 (citing 15 U.S.C. § 2310(a)(3)(i)).  Coelho responds that her
5   claim is not subject dismissal because (1) she has stated valid underlying state law claims and (2)
6   the burden is on HMA to show that it maintains a qualified informal dispute resolution process.
7   Opp'n 7.  In its reply, HMA tacitly abandons its argument under 15 U.S.C. § 2310(a)(3) and
8   argues instead that Coelho failed to allege compliance with the MMWA's requirement that she
9   provide HMA with pre-suit notice and an opportunity to cure under 15 U.S.C. § 2310(e).  Reply 9-
10  10.

11          The parties agree that a claim under the MMWA generally rises or falls with the state law
12  claim.  *See* Mot. 13; Opp'n 7; *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022
13  (9th Cir. 2008) ("[T]his court's disposition of the state law warranty claims determines the
14  disposition of the Magnuson-Moss Act claims.").  Because Coelho has stated a valid claim for
15  breach of express warranty under the California Commercial Code, her MMWA claim is not
16  subject to dismissal based on a failure to adequately plead her state law claims.

17          The Court also finds that Coelho's MMWA claim is not subject to dismissal for failure to
18  plead compliance with any informal dispute resolution procedures HMA may have.  Numerous
19  courts have held that failure to participate in the warrantor's informal dispute settlement procedure
20  is an affirmative defense that a plaintiff need not negate the complaint.  *See Lessin v. Ford Motor*
21  *Co.*, No. 3:19-CV-01082-AJB-AHG, 2020 WL 6544705, at *6 (S.D. Cal. Nov. 6, 2020); *Glenn v.*
22  *Hyundai Motor Am.*, No. SA CV 15-2052-DOC-KESx, 2016 WL 3621280, at *14 (C.D. Cal. June
23  24, 2016); *Lohr v. Nissan N. Am., Inc.*, No. C16-1023RSM, 2017 WL 1037555, at *8 (W.D.
24  Wash. Mar. 17, 2017); *cf. also Maronyan v. Toyota Motor Sales, U.S.A., Inc.*, 658 F.3d 1038,
25  1040, 1043 (9th Cir. 2011) (holding that § 2310(a) is a prudential and not jurisdictional
26  prerequisite to filing an MMWA claim and that failure to exhaust is an affirmative defense "that
27  may be defeated by compelling reasons").  Accordingly, the Court finds that Coelho's failure to
28  allege that she complied with any informal dispute resolution procedures HMA may have does not

United States District Court
Northern District of California

1  provide a basis to dismiss her MMWA claim.

2  Regarding HMA's argument that Coelho failed to allege compliance with statutory pre-suit
3  notice requirements under 15 U.S.C. § 2310(e), HMA raised this argument for the first time in its
4  reply brief.  The Court therefore does not consider this argument.  *Zamani v. Carnes*, 491 F.3d
5  990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time
6  in a reply brief.").

7  HMA's motion to dismiss Coelho's claim under the Magnuson-Moss Warranty Act is
8  DENIED.

## IV. MOTION TO STRIKE

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).  "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits."  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  Motions to strike "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."  *Id.*  "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party."  *Id.*

### B. Discussion

Coelho seeks, among other things, rescission of her sales contract for the vehicle and attorneys' fees under the MMWA.  Compl. ¶¶ 53, 55.  HMA moves to strike these requests.  Mot.

United States District Court
Northern District of California

14-16. HMA contends that Coelho is not entitled to rescission because she has not pled that she revoked acceptance of the vehicle in a reasonable time. Mot. 14-15. HMA's argument regarding Coelho's request for attorneys' fees is unclear, but it appears to be premised on HMA's belief that Coelho's MMWA claim would be dismissed. Mot. 16. Coelho responds that her allegations are sufficient because "[she] alleged that the vehicle was returned to HMA's repair facility for repair of the vehicle's defects and HMA was notified of the vehicle's failure to conform to applicable warranties." Opp'n 7.

The Court finds that it would be premature to strike Coelho's request for rescission under the MMWA. The sole basis for HMA's motion to strike Coelho's request for rescission is that Coelho has not pled that she revoked acceptance of the vehicle in a reasonable time. As an initial matter, HMA has provided no authority for the proposition that the MMWA itself imposes such a "reasonable time" requirement. HMA relies on California Commercial Code § 2602(1), which states that "[r]ejection of goods must be within a reasonable time after their delivery or tender," but HMA cites no authority stating that the MMWA contains the same requirement.

Furthermore, as HMA notes in its briefing, "Plaintiff's fourth cause of action under the [MMWA] arises out of state law claims under the [SBA]." Mot. 13. The California Court of Appeal has held "[t]he SBA contains no 'reasonable time' requirement by which the consumer must invoke the [SBA] or lose rights granted by that statutory scheme. *Krotin v. Porsche Cars N. Am., Inc.*, 38 Cal. App. 4th 294, 301-02 (1995). Thus, the timing of Coelho's revocation is irrelevant to her ability to seek rescission under the MMWA to the extent it is predicated on her SBA claims. Although the Court has dismissed Coelho's SBA claims, it has granted Coelho leave to amend those claims. Because Coelho may be able to remedy the deficiencies in its pleading of its SBA claims, and those claims impose no "reasonable time" requirement, the Court finds that it would be premature to strike the rescission request. *See Solis v. Couturier*, No. 2:08-CV-02732-RRB-GGH, 2009 WL 2022343, at *2 (E.D. Cal. July 8, 2009) (granting leave to amend, rather than striking affirmative defense, where deficiency in pleading could potentially be remedied). Accordingly, HMA's request to strike HMA's request for rescission under the MMWA is DENIED.

The Court also finds that HMA has not provided an adequate basis to strike Coelho's request for attorneys' fees under the MMWA. HMA appears to argue that the Court should strike Coelho's request for attorneys' fees under the MMWA based solely on its view that the MMWA claim should be dismissed. But as the Court explained above, HMA has not provided a basis to dismiss the MMWA claim. Accordingly, HMA's motion to strike Coelho's request for attorneys' fees under the MMWA is DENIED.

## V.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. HMA's motion to dismiss Coelho's claim for breach of express warranty under the Song-Beverly Act (Claim 2) is GRANTED WITH LEAVE TO AMEND.
2. HMA's motion to dismiss Coelho's claim for breach of the implied warranty of merchantability under the Song-Beverly Act (Claim 1) is GRANTED WITH LEAVE TO AMEND.
3. HMA's motion to dismiss Coelho's claim for breach of express warranty under California Commercial Code § 2313 (Claim 3) is DENIED.
4. HMA's motion to dismiss Coelho's claim for violation of the Magnuson-Moss Warranty Act (Claim 4) is DENIED.
5. HMA's motion to strike Coelho's requests for rescission and attorney's fees under the Magnuson-Moss Warranty Act is DENIED.

Any amended complaint shall be filed by no later than **June 29, 2023**.

Dated:  May 31, 2023

_____
BETH LABSON FREEMAN
United States District Judge